```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


GREAT AMERICAN E & S INSURANCE
SERVICES, INC.                                          PLAINTIFF

VS.                           CIVIL ACTION NO. 5:07-cv-76(DCB)(JMR)

ROYAL INDEMNITY COMPANY, individually,
and in its capacity as successor in
interest to ROYAL INSURANCE COMPANY OF
AMERICA; QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.; and JOHN DOES 1-25                         DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff, Great American E & S Insurance Company's (incorrectly identified in the Complaint as "Great American E & S Insurance Services, Inc.") motion to amend the complaint **(docket entry 11)** and motion to remand **(docket entry 9)**, and on defendant Quintairos, Prieto, Wood & Boyer, P.A.'s motions to strike the plaintiff's motions **(docket entry 13)** and to dismiss this action **(docket entry 16)**. Having carefully considered the motions and responses, the memoranda and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

On March 12, 2007, the plaintiff filed its Amended Complaint in the Circuit Court of Warren County, Mississippi. The Amended Complaint states that the plaintiff (named as "Great American E & S Insurance Services, Inc.") is a Delaware corporation with its principal place of business in Ohio. Amend. Compl. ¶ 1.1.

However, on April 11, 2007, defendant Quintairos, Prieto, Wood & Boyer, P.A. ("Quintairos") filed its notice of removal to this Court, alleging, <u>inter alia</u>, that "Great American E & S Insurance Services, Inc." is <u>not</u> a Delaware corporation.[1]  Quintairos also alleges that although defendant Royal Indemnity Company is a Delaware corporation, complete diversity of citizenship exists because "Great American E & S Insurance Services, Inc." is not in fact a Delaware corporation, nor is it a citizen of any state that would destroy complete diversity.  Notice of Removal, ¶¶ 8-9.

In its motion to amend, Great American E & S Insurance Company states that due to a typographical error, the Amended Complaint misnamed the plaintiff corporation as "Great American E & S Insurance Services, Inc.," and moves for leave to amend its complaint to reflect the correct name of the plaintiff, Great American E & S Insurance Company.

Rule 15 of the Federal Rules of Civil Procedure governs amendments which add new parties, substitute one party for another, or correct the name of a party.  Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  However, "the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory

---

[1] Because Quintairos was searching the Delaware Secretary of State's website for "Great American E & S Services, Inc.," rather than Great American E & S Insurance Company, the search did not reveal that the plaintiff was a Delaware corporation.  <u>See</u> Notice of Removal, ¶ 3; Affidavit of Lara Ashley Coleman.

purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F.Supp. 300, 303 (S.D. N.Y. 1996), aff'd, 116 F.3d 465 (2nd Cir. 1997).

The defendant's notice of removal was filed April 11, 2007, and the plaintiff's motion was filed May 7, 2007. The Court finds no undue delay. The Court also finds that the purpose of the motion to amend is to correct a scrivener's error, not for dilatory purposes nor in bad faith. The proposed amendment does not change the claims against the defendants in any way, so that the defendants have been given fair notice of the claims against them, and they will not be prejudiced. The Court shall therefore allow the amendment.

Generally, events occurring subsequent to removal do not oust a district court of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938)(post-removal events reducing amount in controversy will not oust court of jurisdiction); IMFC Professional Services of Florida v. Latin American Home Health, Inc., 676 F.2d 152, 157 (5th Cir. 1982)(change in citizenship of a party will not divest court of jurisdiction). However, the Fifth Circuit recognizes that in certain circumstances the district court can consider post-removal developments. Hensgens v. Deere & Co., 833 F.2d 1179, 1181 (5th Cir. 1987). For example, where a party adds a nondiverse defendant after removal, the addition of the

nondiverse defendant destroys complete diversity and defeats jurisdiction. Id. at 1180-81. The Court finds that this case presents another example of a post-removal development that destroys complete diversity and defeats federal jurisdiction. The plaintiff did not become a Delaware corporation after removal. It was originally a Delaware corporation and its citizenship destroys complete diversity as of the time of removal. The post-removal development is not a change in citizenship but merely a correction to reflect the proper corporate name. The Court also finds that 28 U.S.C. § 1447(c) is applicable: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The Court shall therefore allow the amendment, deny the defendant's motions to strike and to dismiss, and remand this action to the Circuit Court of Warren County. Accordingly,

IT IS HEREBY ORDERED that the plaintiff, Great American E & S Insurance Company's (incorrectly identified in the Complaint as "Great American E & S Insurance Services, Inc.") motion to amend the complaint **(docket entry 11)** is GRANTED, and the Amended Complaint of March 12, 2007, is hereby amended to change the name of the plaintiff from Great American E & S Insurance Services, Inc., to Great American E & S Insurance Company;

FURTHER ORDERED that the plaintiff's motion to remand **(docket entry 9)** is GRANTED, and a separate order remanding this action to

the Circuit Court of Warren County, Mississippi, shall follow;

FURTHER ORDERED that defendant Quintairos, Prieto, Wood & Boyer, P.A.'s motions to strike the plaintiff's motions **(docket entry 13)** and to dismiss this action **(docket entry 16)** are DENIED.

SO ORDERED, this the ___14th___ day of November, 2007.

                                               ___s/ David Bramlette___
                                               UNITED STATES DISTRICT JUDGE